1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9

PATRICIA LANGFORD,

10

Plaintiff,

11

v.

12

CAROLYN W. COLVIN, [1] Acting
Commissioner of Social Security
Administration,

13
14

Defendant.

15

No.  CV-11-3095-RHW

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENTAND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

16    Before the Court are the parties' cross-motions for summary judgment. ECF

17 Nos. 12, 15. James Tree represents Plaintiff Patricia Langford. Assistant United

18 States Attorney Pamela J. DeRusha and Special Assistant United States Attorney

19 Thomas S. Inman represent the Defendant Commissioner of Social Security (the

20 "Commissioner"). Plaintiff brings this action seeking judicial review under 42

21 U.S.C. § 405(g) of the Commissioner's final decision, which denied her

22 application for Disability Insurance Benefits ("DIB"). After reviewing the

23 administrative record and the parties' briefs, the Court is now fully informed.

24

25

26

27

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is
substituted for Michael J. Astrue as the defendant in this suit. No further action
need be taken to continue this suit by reason of the last sentence of 42 U.S.C. §
405(g).

28

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 1**

For the reasons set forth below, the Court denies Defendant's Motion for Summary Judgment, and directs entry of judgment in favor of Plaintiff.

## I.    Jurisdiction and Procedural History

On July 2, 2008, Plaintiff protectively filed an application for DIB, alleging disability beginning on March 31, 2006. Transcript (hereafter "Tr.") 12, 31, 117. Plaintiff's claim was denied initially on July 2, 2008, and upon reconsideration on November 4, 2008. Tr. 12. Thereafter, Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). *Id.* Plaintiff then appeared with counsel and testified at a video hearing held May 25, 2010. Tr. 27-67. ALJ Marie Palachuk presided over the hearing and took testimony from medical expert ("ME") Steven Gerber, M.D., vocational expert ("VE") Daniel R. McKinney, and Plaintiff's husband Thomas Langford. *Id.* On June 11, 2010, the ALJ issued a decision denying benefits. Tr. 12-21. Subsequently, on July 23, 2011, the Appeals Council denied Plaintiff's request for review, which made the ALJ's decision the Commissioner's final decision and subject to judicial review. Tr. 1-3. Thus, Plaintiff's claim is properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act (the "Act') defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 2**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920; *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

**Step 1:** Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If she is not, the ALJ proceeds to step two.

**Step 2:** Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the step three.

**Step 3:** Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the step four.

**Step 4:** Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the final step five.

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 3**

**Step 5:** Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof at steps one through four as detailed above. *Molina v. Astrue,* 674 F.3d at 1104, 1111 (9th Cir. 2012); *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that: (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (per curiam) (internal citation omitted). In determining whether this standard has been satisfied, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal citation omitted).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 4**

1   inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. Further,

2   a district court "may not reverse an ALJ's decision on account of an error that is

3   harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's]

4   ultimate nondisability determination." *Id.* at 1115 (internal citation omitted). The

5   party appealing the ALJ's decision generally bears the burden of establishing that it

6   was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings,
and only briefly summarized here. Plaintiff was born on July 21, 1951, and was 54
years-old as of her alleged onset date of disability. Tr. 117. Plaintiff, a high school
graduate, worked primarily as a legal assistant, but also as an owner/manager of a
café. Tr. 128-130.

Plaintiff suffered a heart attack in August of 2005. Tr. 43, 225. Thereafter,
Plaintiff attempted to return to work part-time, but alleges she could not maintain
her prior employment. Plaintiff alleges that she is unable to work due to a
combination of physical impairments, including: coronary artery disease ("CAD"),
diabetes, morbid obesity, hypothyroidism, hypertension, hyperlipidemia,
dyslipidemia, peripheral neuropathy in both feet, gastro esophageal reflux disease
("GERD"), left C6 radiculopathy with pain, osteophytes at C5-6, and anemia. ECF
No. 13 at 3.

### V.    The ALJ's Findings

The ALJ determined Plaintiff was not disabled under sections 216(i) and
223(d) of the Act, and denied her application for DIB, protectively filed on July 2,
2008. *See* ALJ's Decision, June 11, 2010, Tr. 12-21.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful
activity during the period from her alleged onset date of March 31, 2006, through
her date last insured determined to be September 30, 2007. Tr. 14.

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND
DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 5**

At **step two**, the ALJ found Plaintiff's coronary artery disease ("CAD") with hypercholesterolemia and hyperlipidemia, hypertension, gastro esophageal reflex disease ("GERD"), diabetes, hypothyroidism, obesity, and possible degenerative disc disease with C5-6 spondylosis were severe impairments according to the Social Security Act's definition. Tr. 14 (citing 20 C.F.R. §§ 404.1520(c)).

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (the "Listings"). Tr. 15-16.

As to her CAD, the ALJ considered whether Plaintiff's impairment met the severity of listing 4.04 – Ischemic Heart Disease, or any other cardiovascular listing, and determined that it did not because Plaintiff's records from her heart center reported "that [she] was doing extremely well and she had no angina."  Tr. 15. As to high blood pressure, the ALJ determined there is no medical listing for high blood pressure and concluded no evidence existed that Plaintiff has any hypertension symptoms that equal any other listing. Tr. 16.

Additionally, as to diabetes, the ALJ concluded Plaintiff did not meet the severity of medical listing 9.08 – Diabetes Mellitus, because no evidence existed, during the time at issue, "of significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements or gait and station, acidosis occurring at least on the average of once every two months[.]"  *Id.*

Moreover, as to hypothyroidism, the ALJ determined Plaintiff's impairment did not meet the listing for hypothyroidism because no evidence existed indicating Plaintiff has any symptoms from hypothyroidism that equaled any other listing for an affected body system.  *Id.*  Further, as to her obesity, the ALJ concluded that the effects of Plaintiff's obesity do not medically equal a listing, nor do the combined

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 6**

effects of her impairment meet or medically equal a medical listing. *Id.* Finally, as to her cervical impairment, the ALJ considered whether Plaintiff's spinal impairments met a listing for 1.04 – Disorders of the Spine, and determined that they did not because Plaintiff's medical records do not document any neurological deficits related to a spinal disorder. *Id.*

At **step four**, relying on the VE's testimony, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work [2] as defined in 20 CFR 404.1567(a). Tr. 16. However, the ALJ also found Plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but could not climb ladders, ropes, or scaffolds. *Id.*

The ALJ then found that Plaintiff was unable to perform her past relevant work as a legal assistant or coffee maker barista. Tr. 19.

At **step five**, after considering her age, education, work experience, and RFC, the ALJ found Plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. Tr. 19. The ALJ based this decision on the VE's testimony and his review of the Dictionary of Occupational Title ("DOT") that individuals with Plaintiff's age, education, work experience, and RFC can perform jobs like receptionist and information clerk. *Id.* at 20. As a result of these findings, the ALJ concluded Plaintiff was not disabled under the meaning of the Act. *Id.*

## VI.    Issues for Review

Plaintiff alleges the ALJ erred by:  (1) improperly rejecting the opinions of her treating medical providers; (2) failing to consider the side effects of her medication; (3) improperly rejecting the lay witness testimony of her husband; (4)

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a)

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 7**

improperly rejecting Plaintiff's subjective complaints; and (5) failing to meet the ALJ's burden at step five of the sequential evaluation process. ECF No. 13 at 7-8. Defendant responds the ALJ's decision was supported by substantial evidence and free of harmful legal error. ECF No. 16 at 11.

## VII.    Discussion

### A.    The ALJ Properly Evaluated the Medical Opinion of Dennis McCullough, PA-C

Plaintiff argues the ALJ improperly rejected the opinion of her treating medical provider, Dennis McCullough, PA-C, as the ALJ failed to provide valid reasons for rejecting Mr. McCullough's opinion. ECF No. 13 at 10-12. Mr. McCullough assessed Plaintiff on January 15, 2010, and completed a medical source statements related to her physical ability to complete work related activities. Tr. 339-345, 461-67. Mr. McCullough opined, *inter alia*, that Plaintiff could sit for one hour, stand for 5-10 minutes, and would have to get up and move around for 45 minutes, due to chronic knee pain. Tr. 340.

Mr. McCullough is a certified physician's assistant which is considered an "other source" opinion by the Commissioner. *See* C.F.R. § 404.1513(d); SSR 06-03p. Thus, to properly reject this opinion, the ALJ need only provide "germane" reasons because Mr. McCullough is not a physician and classified as a non-medical source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Despite Plaintiff's argument, the ALJ satisfied her burden as to the medical opinion evidence by resolving conflicts in the medical record and setting forth valid reasons based on substantial evidence in the record. Here, the ALJ rejected Mr. McCullough's opinion because it was internally inconsistent, failed to provide a sensible explanation of Plaintiff's functional ability, and no evidence existed that the limitations addressed the relevant period at issue. Tr. 18.

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT \* 8**

First, the Court agrees with Defendant that the functional limitations regarding sitting/standing/walking assessed by Mr. McCullough do not provide a sensible explanation of Plaintiff's physical limitations. In fact, the only medical or clinical findings which were listed in support of the assessment, chronic knee pain, do not fully account for the limitations assessed or explain why knee pain would limit Plaintiff's ability to sit. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not.").

Second, the Court agrees with the ALJ's reasoning that Mr. McCullough's report did not cover the relevant time period, as it dates to 2010, and not the time period at issue, March 31, 2006 to September 31, 2007. Although the report indicated Plaintiff was diagnosed with diabetes in 2005, cervical spine disease in 2008, and CAD in 2005, Mr. McCullough assessed the postural limitations noted above based on knee pain and not CAD. Thus, the report was internally inconsistent and failed to provide adequate evidence that the limitations assessed applied to the relevant time period. *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012).

In sum, the Court finds no error in the rejection of a physician's assistant's opinion that is inadequately supported by clinical findings and internally inconsistent where it is unclear whether the limitations assessed relate to the period of alleged disability.

**B.    The ALJ's Failure to Discuss the Side Effects of Plaintiff's Medication**

Plaintiff next argues the ALJ erred by failing to consider the side effects of her medication, such as the frequent need to urinate throughout the work-day. ECF No. 13 at 12-14. At the hearing, Plaintiff testified that she was prescribed diuretics in response to the swelling in her feet, after suffering a heart attack. Tr. 45-46. Consequently, Plaintiff testified that after taking her medication she "would be up

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 9**

q:\rhw\acivil\2011\langford (ss)\order sj.docx

and down at least every 10 to 20 minutes," which equated to five or six times per hour, based on an eight hour work-day. Tr. 46. In addition, Plaintiff's husband testified to the similar limitations regarding her frequent urination. Tr. 65. Despite this testimony, the ALJ failed to address Plaintiff's subjective complaints regarding the side effects of her medication.

Defendant concedes the ALJ erred by failing to discuss the testimony of Plaintiff, and her husband, concerning the side effects of the medication, but submits such error was harmless as it was not supported by the medical records. ECF No. 16 at 14-16.

According to the Ninth Circuit, the ALJ must "consider *all* factors that might have a 'significant impact on an individual's ability to work.'" *Erickson v. Shalala,* 9 F.3d 813, 817 (9th Cir.1993) (quoting *Varney v. Sec'y of Health & Human Servs.,* 846 F.2d 581, 585 (9th Cir.), *relief modified,* 859 F.2d 1396 (1988)). Such factors "may include side effects of medications [.]" *Id.* at 818. When the ALJ disregards the claimant's testimony as to subjective limitations of side effects, he must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medications. *See Varney,* 846 F.2d at 545. *Varney* is a case in which the claimant testified that her medications caused fairly severe side effects. *Id.* at 585. The *Varney* court concluded:

> Like pain, the side effects of medications can have a significant impact on an individual's ability to work and should figure in the disability determination process. Also like pain, side effects can be a "highly idiosyncratic phenomenon" and a claimant's testimony as to their limiting effects should not be trivialized. Therefore, if the Secretary chooses to disregard a claimant's testimony as to the subjective limitations of side effects, he must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medication(s).

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 10**

Because no such findings were made here, we remand the matter so that, as in the case of the pain testimony, the ALJ may either accept Varney's evidence regarding side effects or make specific findings rejecting such evidence. Again, any specific findings rejecting her testimony must be supported by the record and will be subject to further review by the courts.

*Varney*, 846 F.2d 581, 585-86 (internal citations omitted).

The Court finds that *Varney* applies to the facts of this case. Here, as in *Varney*, the ALJ did not address the claimant's complaint of her medication's side effects. *Id.* Although Defendant argues such error was harmless, and identifies reasons for rejecting or discounting Plaintiff's testimony (*e.g.*, such limitations were not supported by objective medical evidence), these reasons were not invoked by the ALJ. As a result, this Court cannot consider those reasons where the ALJ did not justify her decision to reject Plaintiff's testimony without making specific findings. *See Connett v. Barnhart*, 340 F.3d 871, 873-74 (9th Cir. 2003).

Moreover, as the record reveals, Plaintiff's counsel examined the VE extensively regarding her frequent urination, which the VE determined would negatively affect Plaintiff's RFC and her ability to maintain employment. *See* Tr. 59-60. Thus, the failure to discuss the side effects of Plaintiff's medication was not harmless and remand is required to reassess the ALJ's RFC findings at step 4 and possibly step 5. On remand, the ALJ is directed to consider Plaintiff's testimony regarding her frequent urination.

**C.    Plaintiff's Remaining Arguments**

As remand is necessary to properly assess the side effects of Plaintiff's medications, which in turn requires the ALJ to reassess Plaintiff's credibility and possibly her RFC; the Court need not consider Plaintiff's remaining arguments that the ALJ improperly rejected the lay witness testimony of her husband, improperly rejected her subjective complaints, and failed to meet the ALJ's burden at step 5 by incorrectly assessing her RFC. ECF No. 13 at 14-20. Although set forth as separate

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 11**

claims, Plaintiff's remaining arguments are, in fact, related as they turn on the reassessment of Plaintiff's credibility regarding her testimony related to frequent urination.

### VIII.  Remand

With error established, the Court has the discretion to remand for further proceedings or reverse and order an immediate award of benefits. *Harman v. Apfel,* 211 F.3d 1172, 1175–78 (9th Cir.2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179–81.

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the aforementioned error. On remand, the ALJ is directed to evaluate Plaintiff's subjective limitations regarding her frequent urination as a side effect of the diuretics prescribed to stem the swelling of her feet. *See* Tr. 45-46, 59-60. This reevaluation should also include the lay testimony of claimant's husband who testified to the same limitations regarding her frequent urination. *See* Tr. 65. In addition, enhancement of the record may be necessary to resolve outstanding issues at steps four, and possibly five that must be remedied before a determination of disability can be made.

### IX.  Conclusion

Based on the foregoing, the Court finds the Commissioner's decision is not free of legal error or supported by substantial evidence. Therefore, the case is

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 12**

reversed and remanded to the Commissioner for further proceedings not inconsistent with the Court's instructions noted above.

Accordingly, IT IS HEREBY ORDERED:

    1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

    2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

    3. The Commissioner's decision denying Plaintiff benefits is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with this Order.

    4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

    5. An application for attorney's fees may be filed by separate motion.

    **IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file**.

    **DATED** this 7th day of March, 2014.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PL.'S MOTION FOR SUMMARY JUDGMENTAND DENYING DEF.'S MOTION FOR SUMMARY JUDGMENT * 13**